# Supreme Court of Florida

_____

No. SC17-1365
_____

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES 5.550 AND 5.695—2017 FAST-TRACK REPORT.**

[September 7, 2017]

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report[1] proposing amendments to Florida Probate Rules 5.550 (Petition to Determine Incapacity) and 5.695 (Annual Guardianship Reports).[2] The Board of Governors of The Florida Bar unanimously approved the proposals. We adopt the proposed rule amendments and make minor revisions to the new committee note to rule 5.550 in order to correct some of the statutory references.

---

1. See Fla. R. Jud. Admin. 2.140(e).

2. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The proposed amendments are in response to changes to sections 744.331 and 744.367, Florida Statutes (2016), that were made by sections 1 and 2 of chapter 2017-16, Laws of Florida, which became effective July 1, 2017.[3] After considering the Committee's proposals and the relevant legislation, we amend the Florida Probate Rules as proposed.

We amend rule 5.550 (Petition to Determine Incapacity) to add new subdivisions (e) (Reports) and (f) (Adjudicatory Hearing) to address changes made to sections 744.331(3)(e), (3)(h), and (5)(a), Florida Statutes (2016), and the creation of new section 744.331(3)(i), Florida Statutes, by section 1 of chapter 2017-16, Laws of Florida. New subdivisions (e)(1) (Filing), (e)(2) (Service), and (e)(3) (Objections) of rule 5.550 provide the filing, service, and objection requirements for the reports of committee members appointed to examine an alleged incapacitated person. See § 744.331(3)(e), (3)(h), & (3)(i), Fla. Stat. (2017). New subdivision (f) (Adjudicatory Hearing) provides the timing requirements for conducting the adjudicatory hearing on a petition to determine incapacity. See § 744.331(5)(a), Fla. Stat. (2017). We have revised the new committee note to rule 5.550 to reference the appropriate statutory provisions.

---

3. See ch. 2017-16, § 6, Laws of Fla.

Finally, we amend subdivision (a)(1) (Contents and Filing; Guardian of the Person) of rule 5.695 to change the reporting deadlines for annual guardianship reports consistent with the changes made to section 744.367(1), Florida Statutes (2016), by section 2 of chapter 2017-16, Laws of Florida. A new committee note also is added to this rule.

Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]

---

4. All comments must be filed with the Court on or before November 6, 2017, with a certificate of service verifying that a copy has been served on the Committee Chair, Jonathan Adam Galler, 2255 Glades Road, Suite 421, Boca Raton, Florida 33431-7382, jgaller@proskauer.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, HTelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until November 27, 2017, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Probate Rules Committee

Jonathan Adam Galler, Chair, Florida Probate Rules Committee, Proskauer Rose, LLP, Boca Raton, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 5.550.     PETITION TO DETERMINE INCAPACITY**

**(a) – (d)     [No Change]**

**(e)     Reports.**

**(1)     Filing.** Each member of the examining committee must file his or her report with the clerk of the court within 15 days after appointment.

**(2)     Service.** Within 3 days after receipt of each examining committee member's report, the clerk shall serve the report on the petitioner and the attorney for the alleged incapacitated person by electronic mail delivery or United States mail, and, upon service, shall file a certificate of service in the incapacity proceeding. The petitioner and the attorney for the alleged incapacitated person must be served with all reports at least 10 days before the hearing on the petition, unless the reports are not complete, in which case the petitioner and attorney for the alleged incapacitated person may waive the 10-day requirement and consent to the consideration of the report by the court at the adjudicatory hearing. If such service is not timely effectuated, the petitioner or the alleged incapacitated person may move for a continuance of the hearing.

**(3)     Objections.** The petitioner and the alleged incapacitated person may object to the introduction into evidence of all or any portion of the examining committee members' reports by filing and serving a written objection on the other party no later than 5 days before the adjudicatory hearing. The objection must state the basis upon which the challenge to admissibility is made. If an objection is timely filed and served, the court shall apply the rules of evidence in determining the reports' admissibility. For good cause shown, the court may extend the time to file and serve the written objection.

**(f)     Adjudicatory Hearing.** Upon appointment of the examining committee, the court shall set the date upon which the petition will be heard. The adjudicatory hearing must be conducted within at least 10 days, which time period may be waived, but no more than 30 days after the filing of the last filed report of the examining committee members, unless good cause is shown.

**Committee Notes**

**Rule History**

1980 Revision - 2016 Revision:  [No Change]

2017 Revision: Adopts new subdivisions (e)(1)–(e)(3) to address statutory changes in sections 744.331(3)(e), (3)(h), and (3)(i), Florida Statutes, regarding filing, service, and objections to examining committee members' reports. Adopts new subdivision (f) to address statutory changes regarding the timing of the adjudicatory hearing in section 744.331(5)(a), Florida Statutes. Committee notes revised.

**Statutory References**

**[No Change]**

**Rule References**

**[No Change]**


**RULE 5.695.        ANNUAL GUARDIANSHIP REPORTS**

(a)     **Contents and Filing.**

(1)     **Guardian of the Person.** Unless the court requires reporting on a calendar-year basis, the guardian of the person shall file an annual guardianship plan at least 60 days, but no more than 90 days, beforewithin 90 days after the last day of the anniversary month in which the letters of guardianship were signed. The plan must cover the coming fiscal year, ending on the last day of such anniversary month. If the court requires calendar-year reporting, the guardianship plan for the forthcoming year must be filed on or after September 1, but no later than December 1, of the current yearbefore April 1 of each year.

(2)     **[No Change]**

(b)     **[No Change]**

**Committee Notes**

**[No Change]**

**Rule History**

1975 Revision - 2015 Revision [No Change]

2017 Revision: Subdivision (a)(1) amended to conform to statutory changes regarding reporting deadline in section 744.367(1), Florida Statutes. Committee notes revised.

**Statutory References**

**[No Change]**

**Rule References**

**[No Change]**